## SUPREME COURT.

ROBINSON P. W. WILBUR and BENJAMIN SHELDON agt. JOSEPH
WILTSEY, MILTON BIGELOW, CYRUS BIGELOW, LUCY ROBIN-
SON, CHARLES WRIGHT and EDWARD M. HUDSON.

CHARLES H. CRIPPEN and others agt. THE SAME defendants.

Where, in an action against several defendants sued jointly, one of them appears
   by a separate attorney and demurs to the complaint, and the other defendants
   appear by a different attorney, and put in a joint answer, and judgment is
   given for the defendant on demurrer, and the complaint is dismissed, and
   judgment thereon in favor of the other defendants, *two separate bills of costs*
   are properly taxable against the plaintiff.
Making a separate defence by a separate *demurrer*, must be regarded the same
   as making a separate defence by a separate *answer*, in determining the right
   of a defendant to recover a separate bill of costs against the plaintiff.
But where, in such case, some of the defendants, who have jointly answered,
   appear by different attorneys, on the argument of the *appeal* taken by the
   plaintiff to the general term, they cannot recover separate bills of costs on
   affirmance of the judgment.
The defendants, having jointly succeeded at the circuit, must be deemed to have
   jointly defended and succeeded on the *appeal*, although they employed differ-
   ent attorneys after the appeal was taken.

*Broome General Term, Jan.*, 1857.

GRAY, MASON *and* BALCOM, *Justices.*

THESE actions were of an equitable character. The defendant Hudson appeared by A. Becker, Esq., his attorney, and demurred to the complaints. The other defendants appeared by Burnside & Ten Eyck, Esqs., their attorneys, and put in joint answers to the complaints in both actions.

The complaint in each action was dismissed with costs, "without prejudice to a new action." But the fact that it was so dismissed by the court, without prejudice to a new action, was not inserted in the judgment-roll in either action.

The demurrer was sustained in each action, and judgment was ordered for the defendant Hudson, with costs in each action. The complaint in each action was dismissed, with costs, as to the other defendants.

A separate bill of costs was adjusted in each action, in favor of the defendant Hudson, and for which he had a judgment against the plaintiffs in each of the judgment-rolls. Another bill of costs was adjusted for the other defendants, *jointly*, in each action; and for which they had a judgment in each of the judgment-rolls, against the plaintiffs.

The plaintiffs appealed from the judgments entered in the actions to the general term of this court. The causes were placed upon general term calendars in Oneida and Chenango counties; but were not argued in either of those counties, although they were reached on the calendars, because the defendants' counsel was not ready, with printed points, to argue them.

The appeals were argued at a subsequent general term in Tioga county; and the judgments in the actions were affirmed with costs. Before the appeals were argued, the defendant Robinson employed Van Buren & Robinson, Esqs., to act as her attorneys in the actions; and they acted as her attorneys in defending the appeal in each action; and were so regarded by the plaintiffs' attorneys. After the appeals were taken, but before they were argued, A. Becker, Esq., acted as the attor-

ney of the defendant Wiltsey; and was so regarded by the plaintiffs' attorneys.

The clerk of Otsego county, in adjusting the defendants' costs, on the appeals, against the plaintiffs, allowed and adjusted a separate bill of costs, in each action, to the defendant Robinson, amounting to $46.78. He also allowed and adjusted a separate bill of costs in each action, to the defendant Wiltsey, amounting to $49.33. In adjusting the costs for the other defendants, the clerk allowed $10 term fees in each action, for the before mentioned Oneida and Chenango general terms. These $10 items were objected to by the plaintiffs' attorneys. The plaintiffs' attorneys also objected, before the clerk, to the allowing and adjusting of separate bills of costs in the actions to the defendants Robinson and Wiltsey, or either of them. The clerk inserted the several sums of costs in the judgment-rolls in each action, and for which sums judgments were entered by him in favor of the defendants.

The plaintiffs moved for a re-adjustment of the costs, at a special term, on the ground that the defendants Wiltsey and Robinson were not entitled to separate bills of costs upon the appeal in either action; and the plaintiffs insisted that the $10 term fees, for the Oneida and Chenango general terms, were not allowable to any of the defendants.

The judge who held the special term, made an order disallowing a separate bill of costs to the defendant Wiltsey in each action; and striking such separate costs out of the judgment-rolls in the actions, on the ground that Becker had not been legally substituted his attorney in the actions. The judge refused to strike out the separate bill of costs, which the clerk adjusted and allowed to the defendant Robinson, in each action, on the ground that Van Buren and Robinson were actually substituted as her attorneys before the appeals were argued. But he struck out of the other defendants' bill of costs, in each action, the charges for term fees, being $10 for the Oneida general term, and $10 for the Chenango general term.

The defendant Wiltsey has appealed from the decision of the special term, in each action, to the general term, so far as it

struck out and disallowed his separate bill of costs in each action.

The plaintiffs have appealed from the decision of the special term, in each action, to the general term, so far as it allowed the defendant Robinson to recover a separate bill of costs against them in the actions.

The foregoing facts are all that it is necessary to notice in deciding the appeals.

E. E. FERRY, *for plaintiffs.*

A. BECKER, *for defendants.*

By the court—BALCOM, Justice. The defendant Hudson appeared by a separate attorney, and demurred to the complaint in each action. He had judgment in his favor in the actions, and was rightfully allowed to recover a separate bill of costs against the plaintiffs in each action. Making a separate defence by a separate *demurrer* must be regarded the same as making a separate defence by a separate *answer*, in determining the right of a defendant to recover a separate bill of costs against the plaintiff. (*See Code,* § 306.)

It is entirely immaterial, whether or not Mr. Becker was *legally* substituted as attorney for the defendant Wiltsey; and it is equally immaterial as to the time that Van Buren and Robinson were substituted as attorneys for the defendant Robinson.

Neither Wiltsey nor Robinson made a separate defence by a *separate answer* to either action. They joined with other defendants in answering; and they succeeded at the circuit, in each action, on the same issue, *jointly* with such other defendants; and neither Wiltsey nor Robinson was entitled to recover a separate bill of costs against the plaintiffs thus far in the actions. (*Code,* § 306.) They did not claim separate bills of costs, for any proceedings in the actions, prior to the appeals therein to the general term; and they rest their claims to separate bills of costs, upon the appeals, on the ground that they

separately defended the .appeals by separate attorneys.   This ground is insufficient to uphold their claims.

Wiltsey and Robinson answered in each action, jointly with other defendants; and they jointly succeeded at the circuit, and they must be deemed to have jointly defended the appeals; and also to have jointly succeeded thereon, although they employed different attorneys after the appeals were taken.   If they had first appeared, in each action, by different attorneys, but had afterwards joined with other defendants, in answering, they could not be considered as making separate defences to the actions, though their different attorneys had acted throughout the litigation.   The *manner* in which several *defendants* answer or demur in the same action, determines the question, as to their right to recover separate bills of costs against the plaintiff, *so long* as they *all* succeed in the action.

So much of the order, that was made in each action at the special term, must be reversed, as allows the defendant Robinson to recover a separate bill of costs against the plaintiffs; and the $46.78 costs that were adjusted and allowed to such defendant, in each action, by the clerk, must be struck out of the judgment-rolls in the actions, with $10 costs of the appeal in each action, to the plaintiffs against such defendant.   And the order, in each action, must be affirmed as to all other matters therein contained, with $10 costs in each action, to the plaintiffs, against the defendant Wiltsey.

Decision accordingly.